J-S34042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRIGID M. EPHAULT, | |
| Appellee | No. 3248 EDA 2016 |

Appeal from the Order October 7, 2016
in the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0002361-2015

BEFORE:  BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 26, 2017**

The Commonwealth appeals from the trial court's order denying its third motion for a continuance.[1]  We affirm.

We take the following procedural and factual history of this case from the trial court's December 12, 2016 opinion and our independent review of the certified record.  On August 23, 2015, Trooper Michael Thomas of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth purports to appeal from the trial court's October 14, 2016 order denying its motion for reconsideration.  (**See** Notice of Appeal, 10/20/16).  However, an appeal does not lie from the denial of a motion for reconsideration.  **See Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000) ("[W]e have consistently held that an appeal from an order denying reconsideration is improper . . . .") (citation omitted).  We have changed the caption accordingly.

Pennsylvania State Police arrested Appellee, Brigid M. Ephault, for driving under the influence and related charges.

On January 27, 2016, the Commonwealth filed a motion for a bench trial, which the trial court granted on January 29, 2016, scheduling the trial for March 29, 2016. On March 24, 2016, Appellee filed a motion for a continuance because of defense counsel's unavailability. The trial court granted the motion and rescheduled the trial to May 31, 2016. On May 31, 2016, the Commonwealth moved for a continuance, which the trial court granted, continuing trial until June 23, 2016. On June 17, 2016, the Commonwealth filed its second continuance request, on the basis of the unavailability of affiant Trooper Thomas and the forensic toxicologist expert.[2] The Commonwealth requested that trial be rescheduled to October 25, 2016. (*See* Motion to Continue, 6/17/16, at unnumbered page 1 ¶ 5). The trial court granted the Commonwealth's continuance request and rescheduled trial for October 25, 2016. On October 4, 2016, the Commonwealth filed its third continuance request, based on Trooper Thomas' unavailability because of a pre-paid vacation. (*See* Motion for Continuance, 10/04/16, at 1 ¶ 3).

_____

[2] Since that time, the Commonwealth decided against introducing the testimony of its forensic toxicologist, based on the United States Supreme Court's holding in ***Birchfield v. North Dakota***, 136 S.Ct. 2160, 2185-86 (2016) (holding the Fourth Amendment does not permit warrantless blood tests incident to arrests for drunk driving and that a state may not criminalize a motorist's refusal to comply with a demand to submit to blood testing). (*See* Commonwealth's Brief, at 7).

On October 7, 2016, the trial court denied the motion and, on October 14, 2016, it denied the Commonwealth's subsequent request for reconsideration. The Commonwealth timely appealed.[3, 4]

The Commonwealth raises one issue for this Court's review: "Did the trial court err by denying . . . the [] October 4, 2016 motion to continue, where the Commonwealth indicated that the affiant and only witness would be unavailable for the October 25, 2016 trial date[?]" (Commonwealth's Brief, at 5) (unnecessary capitalization omitted).

Our standard of review of this issue is well-settled:

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of that discretion. [A]n abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is over-ridden or misapplied, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record. The grant of a continuance is discretionary and a refusal to grant is reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated.

*Commonwealth v. Hansley*, 24 A.3d 410, 418 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011) (citation omitted). Further, "[i]n reviewing

_____

[3] The Commonwealth has certified that the trial court's order terminates or substantially handicaps its prosecution of Appellee. (**See** Statement in Compliance with Pa.R.A.P. 311(d), 10/14/16; **see also** Pa.R.A.P. 311(d).

[4] On November 17, 2016, the Commonwealth filed a statement of errors complained of on appeal pursuant to the court's order. **See** Pa.R.A.P. 1925(b). The trial court filed an opinion on December 12, 2016. **See** Pa.R.A.P. 1925(a).

a denial of a continuance, the appellate court must have regard for the orderly administration of justice[.]" *Id.* (citation omitted).

> This Court has observed that [t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay[.] . . .

*Commonwealth v. Norton*, 144 A.3d 139, 143 (Pa. Super. 2016) (citations and quotation marks omitted).

In this case, the Commonwealth maintains that it did not discover that Trooper Thomas would be unavailable for the October 25, 2016 trial until it received his phone call advising them that he was scheduled to attend his brother's wedding in Hawaii at that time. (*See* Commonwealth's Brief, at 8). Therefore, the Commonwealth argues that, "because [it] represented to the court that the unavailable witness was the Commonwealth's sole witness for trial, the trial court erred in denying the [] request to continue the bench trial." (*Id.* at 9) (unnecessary capitalization omitted). We disagree.

> When deciding a motion for a continuance to secure a material witness the trial court is guided by the following factors:
>
> > (1) the necessity of the witness to strengthen the [party's] case; (2) the essentiality of the witness to [the party's case]; (3) the diligence exercised to procure [the witness'] presence at trial; (4) the facts to which [the witness] could testify; and (5) the likelihood that [the witness] could be produced at the next term of court.

**Norton**, **supra** at 143-44 (citation omitted).

Here, the trial court denied the Commonwealth's continuance request based on its determination that the Commonwealth failed to exercise due diligence. Specifically, the trial court observed:

> In this case, just prior to the commencement of trial, counsel for the Commonwealth requested their [first] continuance of trial due to the unavailability of their affiant and expert witness. The Commonwealth's second motion for continuance specifically requested trial be rescheduled to October 25, 2016. Prior to granting the Commonwealth's motion[,] the court contacted both parties to verify October 25, 2016 would be acceptable and, absent unforeseen circumstances, no further continuances would be granted. [The Commonwealth's counsel] informed the court that she had spoken with the affiant and expert witness and October 25, 2016 was acceptable.[5] However, on October [4], 2016, [the Commonwealth] again filed a motion for continuance citing the affiant is unavailable due to a pre-paid vacation. We find this fact troubling as the Commonwealth . . . was the party who had requested the October 25, 2016 trial date and informed the court [it] had confirmed this date with the Commonwealth's witnesses. Thus, we are left with two equally concerning possibilities: (1) [the Commonwealth] [misled] the court and never actually verified the trial date with [its] witnesses; or (2) the Commonwealth's affiant, after the date for trial was set, disregarded a court order and scheduled a vacation. Accordingly, we denied the Commonwealth's third motion for a continuance.
>
> Granting a continuance of the case on the eve of trial would have again delayed the trial of this case for many months. [The trial court] did not find this acceptable, especially in light of

---

[5] There is no evidence of the trial court's conversations with the Commonwealth's counsel in the certified record. However, the Commonwealth also represents that it spoke with the affiant to confirm his availability on October 25, 2016, before it requested that date. (**See** Commonwealth's Brief, at 7).

the fact that the case was previously continued three times from the March 2016 to the October 2016 trial term. Moreover, the order continuing trial to the October trial term was issued on June 21, 2016, which allowed the Commonwealth more than four months in which to discover the issue and move for a continuance. However, the issue was not discovered until the trial term was set to begin. We suspect that this is because the Commonwealth had never actually contacted its witnesses that trial had been continued to the October trial term like[] they claimed to have done and that its failure to do so was the reason for their continuance request. Neither the Commonwealth's failure to stay in contact with its witnesses, nor the unavailability of its witnesses renders our denial of the Commonwealth's motion for continuance erroneous, despite its effect on the prosecution, particularly in light of the lengthy delay that such a continuance would have caused.

(Trial Court Opinion, 12/12/16, at unnumbered pages 5-7) (unnecessary capitalization omitted).

We conclude that the trial court did not abuse its discretion. On May 31, 2016, the day scheduled for trial, the Commonwealth requested a continuance due to the unavailability of a witness. In June 2016, the Commonwealth filed a second continuance request, this time for a specific date for which it had confirmed the affiant's availability. Approximately four months later, on the eve of trial, the Commonwealth made its third continuance request based on the affiant's sudden unavailability due to a prepaid vacation.

In light of our deferential standard of review, we conclude that the court did not "exceed[] the bounds of its discretion" or demonstrate "prejudice or a palpable and manifest abuse of discretion" when it denied the Commonwealth's third continuance request. **Norton**, **supra** at 143 (citation

omitted); **Hansley**, **supra** at 418 (citation omitted).  The Commonwealth's issue lacks merit.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2017