J-S20018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ALLEN CHAVIS | : | |
| | : | |
| Appellant | : | No. 1681 MDA 2017 |

Appeal from the Judgment of Sentence September 13, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0002660-2015

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 20, 2018**

John Allen Chavis appeals from the judgment of sentence imposed on September 13, 2017, in the Court of Common Pleas of Lackawanna County on the charge of criminal use of a communication facility (CUCF).[1]  Chavis received a sentence of 18 to 60 months' incarceration.  In this timely appeal, Chavis raises three claims, all of which relate to his exercise of the 5th Amendment right during allocution.  Because the record is unclear if the invocation of the 5th Amendment was proper, we vacate the sentence and remand for an *in camera* proffer, if necessary, and resentencing.

A brief recitation of the history of this matter is required.  Chavis was arrested after selling heroin to a confidential informant.  He was charged with CUCF, possession with intent to deliver, possession, and possession of drug

_____

[1] 18 Pa.C.S. § 7512(a).

paraphernalia. He accepted a plea agreement wherein all charges except CUCF would be dropped and the Commonwealth would not oppose furlough to a drug treatment facility. Prior to sentencing, the trial court granted Chavis a furlough to a local Salvation Army center for drug treatment. He completed five of six months of the program before he absconded. He was apprehended and charged with escape. Following his apprehension, he was sentenced, as noted above, on the CUCF charge. Prior to sentencing, Chavis asked the trial court for a continuance until his escape charge had resolved. Chavis informed the court that he believed he could not adequately explain his actions regarding absconding from the Salvation Army program without incriminating himself on the open escape charge. The trial court, without conducting a hearing on the 5th Amendment claim, denied the request for continuance, asserting the escape charge had no bearing on the resentencing. At the sentencing hearing, Chavis again explained he believed his right to allocution was improperly limited by his invocation of the 5th Amendment.

Initially, we note the following:

> Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]

*Commonwealth v. Brooks*, 628 Pa. 524, 529-30, 104 A.3d 466 (2014) (quotations marks, quotation, and citation omitted).

This Court has observed that "[t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." ***Commonwealth v. Sandusky***, 77 A.3d 663, 671 (Pa. Super. 2013) (quotation omitted). However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of "an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay[.]" ***Id.*** at 672 (quotation marks and quotation omitted). Accordingly, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request. ***See id.***

***Commonwealth v. Norton***, 144 A.3d 139, 143 (Pa. Super. 2016).

Further, Pa.R.Crim.P. 704(C)(1) grants a defendant the right of allocution prior to imposition of sentence, stating, in relevant part:

At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf…

Pa.R.Crim.P. 704(C)(1).

The comment to Rule 704(C)(1) is strongly worded.

Paragraph (C)(1) retains the former *requirement* that the judge afford the defendant an opportunity to make a statement… . The defendant's *right to allocution at sentencing is well established*… .

***Id.***, Comment (emphasis added).

The 5th Amendment to the United States Constitution provides "no person … shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. The right against self-incrimination applies not only to the case in which the defendant is currently testifying, but prevents the defendant from being compelled to give answers that "might incriminate

- 3 -

[the speaker] in future criminal proceedings." ***Commonwealth v. Knoble***, 42 A.3d 976, 979 (Pa. 2012).

When Chavis requested a continuance of the sentencing hearing, the letter to the trial court stated:

> As the facts and circumstances of the [Chavis's] pending charges may very well be a topic that could come up at today's sentencing, when Defense Counsel makes sentencing arguments and/or when [Chavis] is given the opportunity to speak on his own behalf, [Chavis's] Fifth Amendment Rights are implicated. [Chavis] either speaks at sentencing, potentially waiving his Fifth Amendment Rights, or he stands silent at Sentencing and he is thereby deprived of the Due Process Rights of having the opportunity to be heard prior to having a sentence imposed on him. The decision to choose between Constitutional Rights and in which proceeding [Chavis] should take action that could severely prejudice him, should not be one (1) [sic] that he is forced to make.

Letter to the Court, 9/13/2017, at 1-2.[2]

Later that day, at the sentencing hearing, Defense Counsel repeated his 5th Amendment concerns, resulting in this exchange between Counsel and the trial judge:

> THE COURT: This matter has been scheduled for sentencing several times since January of 2017 and there is no reason to continue it beyond today. The fact that there is an outstanding charge has absolutely no impact whatsoever on these proceedings. I may not consider the fact that there is an uncharged crime. It is not a conviction. It does not count on the prior record score. It has absolutely no impact, nor will it be given any consideration in the imposition of this sentence.

---

[2] This letter memorialized a verbal request Defense Counsel had made the prior day. The letter was delivered to the trial court on the morning of the sentencing hearing. We note the continuance request was not denied as untimely.

[DEFENSE COUNSEL]: The purpose, Your Honor, of the request for continuance was that the facts and circumstances surrounding the new charge that's pending before the Court would potentially be raised in my argument –

THE COURT: Why should it be raised?  Why should they be raised?  They have nothing to do with this.  The events took place afterwards.  They have nothing to do with the C.U.C.F. that took place on December 7, 2015.

[DEFENSE COUNSEL]: They would have relevance, Your Honor, as to whether he should be given full credit for the Salvation Army program.  He can't speak –

THE COURT: The Salvation Army credit is totally up to me.  It's discretionary with the Court.  Given the furlough that was granted, the fact that he went AWOL from that program and remained absent for almost two months before he was apprehended, he will not receive credit for the time at the Salvation Army.

[DEFENSE COUNSEL]: And Your Honor,  my point in raising that issue respectfully is that he can't speak to that issue here today, nor can I, as it would relate to his escape charge that's still pending.  He's been advised of his Fifth Amendment right, and I believe he'll be asserting that today with regard to just that issue.

THE COURT: Fine.

N.T. Sentencing, 9/13/2017, at 3-5.

It appears from the foregoing exchange, the trial judge misapprehended the gist of Chavis's argument.  The trial judge did not understand how details, facts and circumstances of Chavis's absconding from his furlough at the Salvation Army could be relevant.  However, Chavis's flight and his failure to complete his furlough was proffered as part of his allocution.  As such, while the relevance of the circumstances surrounding Chavis's absconding may prove to be irrelevant, relevance cannot be denied facially.

It appears clear to us that Chavis was attempting to request he be given full credit for the time in the Salvation Army program, but was afraid that the explanation would be used against him in the case arising from his escape. The purpose of allocution at sentencing is to provide a defendant with the opportunity to explain his actions and to provide possibly mitigating factors. While a trial court is not required to believe a defendant's allocution, the trial court is required to hear the allocution and consider it.

Once Chavis raised his colorable claim of 5th Amendment privilege, the trial court had multiple methods to proceed. The trial court could have accepted the claim on face value and rescheduled the sentencing hearing. Another option was the trial court could have held an *in camera* proffer, where the defendant might provide an outline of the substance of his claim, thereby allowing the trial court to determine if Chavis was actually entitled to 5th Amendment protection. If Chavis was properly invoking his right against self-incrimination, the hearing could then be rescheduled. If, however, the trial court determined Chavis's claim did not properly invoke the 5th Amendment, Chavis would have had the option to immediately appeal the decision[3] or to accept the ruling and proceed to sentencing.

However, by denying Chavis's request for a continuance and bypassing Chavis's 5th Amendment claim, the trial court denied Chavis a meaningful

---

[3] A decision denying a defendant Fifth Amendment protection is an immediately appealable collateral order. *See Commonwealth v. Davis*, 176 A.3d 869 (Pa. Super. 2017), *citing Ben v. Schwartz*, 729 A.2d 547 (Pa. 1999).

opportunity to present mitigating evidence, the very purpose of allocution. This denial, without knowing the substance of Chavis's claim, represents an abuse of discretion.

In light of the foregoing, we vacate the judgment of sentence and remand for a new sentencing hearing, including an *in camera* hearing, if necessary. Said hearing is to be held as soon as practicable, but not later than 60 days after the return of the certified record to the trial court, provided that Chavis's 5th Amendment claim has resolved.[4]

Judgment of sentence vacated. This matter is remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/20/2018

---

[4] It appears that the escape charge has resolved. Therefore, it appears that Chavis's 5th Amendment claim has also resolved. If this is true, the *in camera* hearing is likely unnecessary.