J-S56038-16

2016 PA Super 163

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellant | |
| v. | |
| HARRY GORDON NORTON, JR., | |
| Appellee | No. 2242 MDA 2015 |

Appeal from the Order Entered December 18, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000765-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED JULY 22, 2016**

The Commonwealth appeals from the December 18, 2015, order entered in the Court of Common Pleas of Centre County denying the Commonwealth's motion for a trial continuance.[1]  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  On April 6, 2015, Appellee was charged with one count of materially false written

_____

[1] In its timely notice of appeal, the Commonwealth has certified that "the order will terminate or substantially handicap the prosecution pursuant to Pa.R.A.P. 311."  Thus, we agree with the Commonwealth that this matter is properly before us.  **See** Pa.R.A.P. 311; **Commonwealth v. Matis**, 551 Pa. 220, 710 A.2d 12 (1998) (indicating the Commonwealth may properly appeal from an order denying its motion for a continuance to secure a necessary witness where it includes a certification pursuant to Rule 311).

*Former Justice specially assigned to the Superior Court.

statement-purchase, delivery, transfer of firearm, 18 Pa.C.S.A. § 6111(g)(4)(ii), and one count of unsworn falsification to authorities, 18 Pa.C.S.A. § 4904(a)(1). These charges stemmed from Appellee's alleged attempt to purchase a firearm at a store in Philipsburg, Centre County on September 15, 2014, and his alleged false statement made on ATF Form 4473 ("the ATF Form") in connection therewith.

Specifically, Trooper Richard Hoover, the affiant of the criminal complaint, alleged that, on the ATF Form, Appellee indicated he "was not subject to a court order restraining him from harassing, stalking, or threatening his child or an intimate partner or child of such partner." Criminal Complaint, filed 4/6/15. However, the trooper further alleged that, in Florida, on November 19, 2013, Appellee was served with a protection from abuse ("PFA") order with regard to his then wife, and the PFA order did not expire until November 19, 2014. Accordingly, Trooper Hoover alleged Appellee knowingly made a false statement on the ATF Form.

After Appellee waived his preliminary hearing, a pre-trial conference was held on July 16, 2015, and jury selection was scheduled for August 3, 2015. However, later in the day on July 16, 2015, Appellee's counsel filed a motion seeking a trial continuance due to "ongoing plea negotiations," and the Commonwealth did not oppose the motion. The trial court granted Appellee's motion for a continuance and scheduled trial for October 2015.

On September 22, 2015, Appellee's counsel filed another motion seeking a trial continuance due to "ongoing negotiations," and the Commonwealth did not oppose the motion. The trial court granted Appellee's motion for a continuance and scheduled trial for December 2015.

On December 7, 2015, jury selection occurred, and trial was scheduled to commence on December 22, 2015. However, on December 17, 2015, the Commonwealth filed a motion seeking a trial continuance. Specifically, the Commonwealth averred, in relevant part, the following:

At the time of jury selection, [Appellee's counsel] raised for the first time that [Appellee] believed that he was only evicted from the residence and was not subject to a provision that prevented him from abusing, harassing, and/or stalking [his former wife] pursuant to a [PFA] order issued against him in the State of Florida.

The Commonwealth began to investigate [Appellee's] claims and believes that evidence exists to refute those claims.

The Commonwealth has received a certified copy of the [PFA order] and a copy was provided to [Appellee's counsel] on December 16, 2015.

The Commonwealth has requested a certified copy of an Affidavit of Service of the [PFA order], however, the Commonwealth has not yet received this document.

[Appellee's counsel] has not advised whether he will stipulate to these documents or whether he will require a witness to authenticate these documents.

A hearing was held on the [PFA application] on or about November 19, 2013, wherein the Commonwealth believes [Appellee] attended and participated in said hearing.

The Commonwealth has made an expedited request for that transcript from the Florida courts[;] however[,] the Commonwealth has not yet received this document.

Furthermore, the Commonwealth has been in contact with [Appellee's ex-wife,] who is a critical witness in this matter, and

- 3 -

she has advised that she is unavailable for trial on Tuesday, December 22, 2015.

The Commonwealth continues to attempt contact with [Appellee's ex-wife's attorney] who was present at the PFA hearing and had contact with [Appellee] at that time and will be a critical witness at trial.

The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party. Pa.R.Crim.P. 106.

[Appellee] has previously asked for and received two prior continuances.

[Appellee] would not suffer any prejudice as a result of the continuance.

[I]n light of the foregoing, the Commonwealth respectfully requests that [the court] grant a one-term continuance in this matter.

Commonwealth's Motion for a Continuance, filed 12/17/15.[2]

On December 18, 2015, the trial court held a hearing on the Commonwealth's motion for a trial continuance. At the hearing, the assistant district attorney ("ADA") confirmed the Commonwealth had in its possession a certified copy of the PFA order, which had been issued against Appellee in Florida. N.T., 12/18/15, at 5. However, the ADA indicated that, inasmuch as it appeared Appellee planned to allege at trial that he "was only advised that [the PFA order] evicted [him] from the house," *id.* at 6, the Commonwealth made efforts to procure various documents and witnesses to refute his claims. *Id.* The ADA argued the witnesses and documents are

_____

[2] The motion was not paginated.

- 4 -

"critical" to proving that Appellee was advised in Florida that he was restrained from abusing, harassing, or stalking his ex-wife. ***Id.***

In response, Appellee's counsel argued that he already informed the Commonwealth he would stipulate to the authenticity and admissibility of the PFA order. ***Id.*** at 7. Furthermore, he indicated that, just prior to the instant hearing, the ADA provided him with a non-certified copy of the transcript from Appellee's Florida PFA hearing, and he informed the ADA that he would stipulate to the authenticity and admissibility of the transcript. Appellee's counsel noted that Appellee has been experiencing anxiety in connection with the instant charges, and he was ready to proceed to trial. ***Id.*** at 10. Additionally, Appellee's counsel noted that, if the Commonwealth was going to present the testimony of new witnesses, including Appellee's ex-wife, it would be necessary to litigate a motion *in limine* to exclude certain testimony. ***Id.***

The ADA responded that "[t]here are witnesses that are needed to testify as to what was done at that [PFA] hearing, what those conversations were with [the ex-wife's] attorney, because apparently [Appellee] had conversations as to what the conditions were. That's critical to this [case], as to what he knew." ***Id.*** at 12.

The following relevant exchange then occurred between the ADA and the trial court:

> **THE COURT:** Is that critical?
> **[ADA]:** Yes, it is, Judge. It's critical to what he knew.

- 5 -

**THE COURT:** Does the statue say—
**[ADA]:** He claims that he didn't know he was subject to the provisions.
**THE COURT:** Sure he's going to claim that. Of course. It's the only thing he can claim. "I didn't know it."
**[ADA]:** That's critical, and we need those witnesses, Your Honor.
**THE COURT:** Motion for a continuance is denied. We'll be ready on Tuesday.

*Id.*

The Commonwealth filed a motion for reconsideration, and following a hearing on December 21, 2015, the trial court denied the motion for reconsideration. This timely appeal followed on December 21, 2015, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, the Commonwealth alleges the trial court erred in denying its motion for a trial continuance.

Initially, we note the following:

> Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]

*Commonwealth v. Brooks*, 628 Pa. 524, 104 A.3d 466, 529-30 (2014) (quotations marks, quotation, and citation omitted).

This Court has observed that "[t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of

assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." **Commonwealth v. Sandusky**, 77 A.3d 663, 671 (Pa.Super. 2013) (quotation omitted). However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of "an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay[.]" **Id.** at 672 (quotation marks and quotation omitted). Accordingly, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request. **See id.**

As indicated *supra*, the Commonwealth asserted that, during jury selection, it "discovered" Appellee's anticipated defense, *i.e.*, that he did not have notice of and/or did not understand the terms of the Florida PFA order. The Commonwealth further asserted that, in order to disprove Appellee's anticipated trial defense, it sought to secure various documents and witnesses related to the Florida PFA proceedings.

When deciding a motion for a continuance to secure a material witness the trial court is guided by the following factors:

> (1) the necessity of the witness to strengthen the [party's] case; (2) the essentiality of the witness to [the party's case]; (3) the diligence exercised to procure [the witness'] presence at trial; (4) the facts to which [the witness] could testify; and (5) the likelihood that [the witness] could be produced at the next term of court.

***Commonwealth v. Micelli***, 573 A.2d 606, 607 (Pa.Super. 1990) (quotation and footnote omitted). A similar inquiry as to the documents is appropriate in this case.

In its opinion, the trial court set forth the following reasons for denying the Commonwealth's motion for a trial continuance:

> The Commonwealth has alleged that on September 15, 2014, [Appellee] attempted to purchase a gun while being subject to an active [PFA order] in Florida. Trooper Richard Hoover. . .was assigned to investigate the PICS Firearms Rejection on November 4, 2014[,] at the request of the PA State Police Firearms Division. Included in the investigation request was a copy of the ATF Form [ ] completed and signed by [Appellee] in which he indicated on question 11(h) that he was not subject to a court order restraining him from harassing, stalking, or threatening his child or an intimate partner or child of such partner. Also included in the investigation request was a copy of the CLEAN response, which indicated [Appellee] was subject to such an order in the state of Florida until November 19, 2014. On February 22, 2015, Trooper Hoover was able to interview [Appellee] at PSP Phillipsburg barracks. [Appellee] voluntarily agreed to participate in the interview. He acknowledged having an order placed on him restraining him from his residence in Florida, but stated that he was not aware the order also restrained him from his then wife[.]
>
> It is clear from the affidavit of probable cause that the Commonwealth had been put on notice of [Appellee's] defense since the charges were filed. This [c]ourt's denial of the motion for trial postponement and denial of the motion to reconsider said decision did not substantially hinder the Commonwealth's ability to prosecute the case. From the information available to this [c]ourt, it respectfully submits that it was the Commonwealth's own oversight that created a last minute search for witnesses. This [c]ourt does not believe that [Appellee], who was ready to proceed to trial, should be forced to wait with these charges hanging over his head while the Commonwealth secures witnesses it should have known it would require at the time charges were filed more than eight months earlier.

Furthermore, in order for the Commonwealth to prove [Appellee] guilty beyond a reasonable doubt of the materially false written statement charge, it would have to prove that he knowingly and intentionally made a materially false written statement, including a statement on any form promulgated by Federal or State agencies, in connection with the purchase, delivery, or transfer of a firearm. The Commonwealth would thus need evidence that [Appellee] knew he was subject to an order preventing him from harassing and/or stalking [his ex-wife]. It appears that the same witnesses the Commonwealth now felt were necessary after jury selection would have been necessary to prove [Appellee's] knowledge all along. It is for these reasons that the [c]ourt respectfully submits that it did not err in denying the Commonwealth's motion for trial postponement.

Trial Court Opinion, filed 1/22/16, at 2-3.

Here, the trial court's denial of the continuance is based upon the Commonwealth's lack of diligence in procuring the witnesses and documents for trial. The trial court rejected the Commonwealth's allegation that it "discovered" Appellee's defense, and corresponding need to present documents and witnesses to refute the defense, for the first time during jury selection. Rather, the trial court reasoned that, since the evidence related to the elements of the offenses and/or rebutted a defense that should have been anticipated by the Commonwealth, the Commonwealth should have been aware of the need for the documents and witnesses from the time it filed the charges against Appellee.

Accordingly, the trial court concluded the Commonwealth's "last minute search" for the documents and witnesses was not sufficient to demonstrate the Commonwealth exercised due diligence in attempting to

procure the evidence, and thus, the trial court denied the request for a continuance. In light of our deferential standard of review, we conclude the trial court did not abuse its discretion.[3] **Brooks**, **supra**. Accordingly, we affirm.

Affirmed.

Judgment Entered.

_[signature]_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016

_____

[3] We note the Commonwealth argues the trial court abused its discretion in denying its request for a trial continuance since, under Pa.R.Crim.P. 600, had the continuance been given, Appellee's trial would still have been prompt and Appellee would not have otherwise suffered prejudice. **See** Commonwealth's Brief at 12-14. To the extent such an inquiry is relevant to the instant matter, we conclude the trial court did not abuse its discretion in this regard. As indicated *supra*, trial judges are afforded great latitude in scheduling trials, and our review of trial judges' continuance decisions is deferential. **See Brooks**, **supra**; **Sandusky**, **supra**.