J-S34037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LARRY R. SEBRING, | |
| Appellee | No. 3477 EDA 2016 |

Appeal from the Orders Entered November 2, 2016
in the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0000862-2016

BEFORE:  BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 27, 2017**

The Commonwealth appeals from the trial court's orders denying its motion for a continuance and granting, in part, Appellee, Larry R. Sebring's, motion to exclude the testimony of Detective Christopher Boheim.  We affirm.

We take the following facts from the trial court's December 15, 2016 opinion:

> The Commonwealth presented evidence at the preliminary hearing that on November 8, 2015, while [Appellee] was walking his dog in a park, he encountered M.F. and her son N.F., who were also walking their dog in the park.  The [F.s'] dog slipped out of his collar and approached [Appellee's] dog.  N.F. ran after the [F.]s' dog, and later restrained the dog while crouching next to it.  [Appellee] pulled out a revolver and pointed it in the

---

[*] Retired Senior Judge assigned to the Superior Court.

general direction of [N.F.] and the [F.s'] dog, threatening to shoot the dog if it came near his dog again.

On January 8, 2016, Stroud Area Regional Police filed a criminal complaint against [Appellee], charging him with simple assault, recklessly endangering another person [(REAP)], and disorderly conduct.[1] [Appellee] appeared for a preliminary hearing before Magisterial District Justice Thomas Olsen on April 12, 2016, at which time the simple assault charge was dismissed and the other two charges were held for court. [The case was scheduled for the September 2016 trial term.]

\* \* \*

On August 12, 2016, [Appellee] filed a motion to continue trial to the November 2016 trial term, with the concurrence of the Commonwealth, because he was having eye surgery on August 30, and was unsure how long his recovery would take. By order dated August 15, 2016, [Appellee's] motion was granted and the case was continued to the November 2016 trial term, with jury selection scheduled to commence on November 1[, 2016].

Late in the afternoon on October 31, 2016, [Appellee] filed a motion for date certain, in which he requested his trial be held between November 15 and November 18, to accommodate the availabilities of witnesses. The Commonwealth concurred with [Appellee's] motion. The dates requested by [the] motion were outside our normal two-week trial term. [Appellee also] filed a motion to exclude the testimony of Detective [] Boheim on November 1, 2016, in which he sought, *inter alia*, to prevent Detective Boheim from testifying about the appropriate level of care involved in the handling of a firearm.

[The trial court] met with counsel in chambers on the morning of November 1 to discuss the trial schedule and [Appellee's] motions. At the conclusion of the in[-]chambers discussion, [the trial court] directed counsel to raise the issues discussed in chambers on the record.

---

[1] 18 Pa.C.S.A. §§ 2701(a)(3), 2705, and 5503(a)(1), respectively.

After the discussion in chambers, jury selection occurred. At the conclusion of jury selection, the Commonwealth requested that the court not swear in the jury. Due to the absence of an alternate juror during the seating of the jury, [the trial court] did not swear in the jury. [It] then proceeded to address [Appellee's] motion for date certain and an oral motion by the Commonwealth for a continuance of trial. [The trial court] denied [Appellee's] motion for date certain and the Commonwealth's oral motion for continuance, and stated [its] reasons for doing so on the record. [The court] then addressed [Appellee's] motion to exclude the testimony of Detective [] Boheim, which [it] granted in part and denied in part. [The court] permitted Detective Boheim to testify about the mechanical operation of [Appellee's] revolver, but did not permit any expert testimony regarding the safe handling of a firearm. [The Commonwealth timely appealed and attached a statement in compliance with Rule 311(d) asserting that the trial court's decision will either terminate or substantially handicap the prosecution. (**See** Statement in Compliance with Pa.R.A.P. 311(d), 11/03/16).[2, 3]]

(Trial Court Opinion, 12/15/16, at 1-4) (footnotes and unnecessary capitalization omitted).

The Commonwealth raises three questions for our review:

_____

[2] On December 13, 2016, this Court issued a *per curiam* rule to show cause why this appeal should not be dismissed as interlocutory. (**See** *Per Curiam* Order, 12/13/16). This appears to have been a technical oversight because "the Commonwealth may take an appeal **as of right** from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d) (emphasis added).

[3] The trial court did not order the Commonwealth to file a statement of errors complained of on appeal, but it filed an opinion on December 15, 2016. **See** Pa.R.A.P. 1925.

1. Did the trial court err by granting in part [Appellee's] motion to exclude the testimony of Detective Christopher Boheim, where the testimony that would have been elicited would have been relevant and permissible expert testimony?

2. Did the trial court err by denying the Commonwealth's oral motion for continuance, when the Commonwealth indicated to the court that their expert witness would not be available for trial on the date set by the court?

3. Did the Commonwealth satisfactorily show cause as to why this appeal should not be quashed?[4]

(Commonwealth's Brief, at 5) (unnecessary capitalization omitted).

In its first issue, the Commonwealth challenges the trial court's decision to grant Appellee's motion to exclude the testimony of Detective Boheim, in part, thereby limiting his testimony "to his expert opinion of the operation of the firearm in question." (*Id.* at 13; *see id.* at 13-17). This claim does not merit relief.

Our standard of review is well-settled:

The standard of review for a trial court's evidentiary rulings is narrow. The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is

---

[4] The Commonwealth included the third question because this Court issued a *per curiam* order referring the issue of whether the Commonwealth's appeal should be quashed as interlocutory to the panel. (*See Per Curiam* Order, 1/11/17; Commonwealth's Brief, at 5, 20-21). However, as stated previously, the Commonwealth can appeal as of right because it included a certification in compliance with Rule 311(d) with its notice of appeal. Therefore, we need not review the quashal issue.

manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

***Commonwealth v. Mendez***, 74 A.3d 256, 260 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014) (citation omitted).

"[W]hile the general rule of the admissibility of relevant evidence is subject to various exceptions, the rule that irrelevant evidence is not admissible is categorical.  Accordingly, the threshold inquiry with admission of evidence is whether the evidence is relevant."  ***Commonwealth v. McGriff***, 2017 WL 1424438, at *38 (Pa. Super. filed Apr. 21, 2017) (citation, emphasis, and internal quotation marks omitted).  "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact."  ***Commonwealth v. Green***, _____ A.3d _____, 2017 WL 1885394, at *4 (Pa. Super. filed May 9, 2017) (citation omitted).

Here, the trial court limited Detective Boheim's testimony to "the mechanical operation of [Appellee's] revolver, but did not permit any expert testimony regarding the safe handling of a firearm[,]" unless Appellee inadvertently "open[s] the door" to this subject at trial.  (Trial Ct. Op., at 4; N.T. Proceedings, 11/01/16, at 10).  It based this ruling on its observation that testimony about the safe handling of a firearm is irrelevant to the determination of whether Appellee's gun, at the time of the incident, had the

actual ability to inflict harm on the F.s. (**See** Trial Ct. Op., at 8). We agree with the court.

Pursuant to the Crimes Code, REAP is defined as "recklessly engag[ing] in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

> To sustain a conviction under section 2705, the Commonwealth must prove that the defendant had an **actual present ability to inflict harm** and **not merely the apparent ability to do so**. Danger, not merely the apprehension of danger, must be created. The *mens rea* for recklessly endangering another person is a conscious disregard of a known risk of death or great bodily harm to another person. Brandishing a loaded firearm during the commission of a crime provides a sufficient basis on which a factfinder may conclude that a defendant proceeded with conscious disregard for the safety of others, and that he had the present ability to inflict great bodily harm or death.

*Commonwealth v. Hopkins*, 747 A.2d 910, 915-16 (Pa. Super. 2000) (citations and quotation marks omitted; emphases added).

In this case, the trial court found:

> [T]he question for the jury to determine, particularly in light of the crime charged and the anticipated defense,[5] is whether the mechanical operation of the firing mechanism in [Appellee's] weapon prevented [his] conduct from placing [the F.s] in danger of death or serious bodily injury. Whether [Appellee] safely handled his firearm is simply not a fact of consequence in this

---

[5] In the brief in support of his pre-trial motion, Appellee asserted that his weapon was incapable of causing actual harm at the time of the incident because "[h]e . . . had a safety mechanism in place for his firearm that day by having an empty cylinder under the hammer of the revolver." (Appellee's Brief in Support of Pre-Trial Motion, 1/17/16, at 11).

case, as [Appellee] does not seem to dispute that he intentionally brandished the weapon.[6]

(Trial Ct. Op., at 8-9).

Based on our precedent, we agree with the reasoning of the trial court that the relevant inquiry is not, if Appellee safely handled weapons, but rather, if the gun used in this incident "had an actual present ability to inflict harm." **Hopkins**, **supra** at 915 (citation omitted). Therefore, we conclude it did not abuse its discretion in excluding Detective Boheim's testimony about the safe handling of firearms, absent Appellee opening the door to such testimony, and limiting it to "the functioning of the firearm itself." (N.T. Proceedings, at 10); **see also Mendez**, **supra** at 260. The Commonwealth's first issue lacks merit.

In its second issue, the Commonwealth challenges the trial court's denial of its motion for a continuance. (**See** Commonwealth's Brief, at 17-20). This claim does not merit relief.[7]

Our standard of review of this issue is well-settled:

_____

[6] At the November 1, 2016 proceedings, the trial court added the *caveat* that "if [Appellee] slips in testimony that gives an opinion on safe handling, he's potentially opening the door, and then I'll allow Detective Boheim to be re-called." (**See** N.T. Proceedings, at 10).

[7] We agree with Appellee's observation that, as a practical matter, by appealing to this Court, the Commonwealth availed itself of the requested continuance in spite of its being denied by the trial court. (**See** Appellee's Brief, at 8 n.1). However, we conclude that the trial court did not abuse its discretion in denying the continuance request.

The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of that discretion. [A]n abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is over-ridden or misapplied, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record. The grant of a continuance is discretionary and a refusal to grant is reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated.

*Commonwealth v. Hansley*, 24 A.3d 410, 418 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011) (citation omitted). Further, "[i]n reviewing a denial of a continuance, the appellate court must have regard for the orderly administration of justice[.]" *Id.* (citation omitted).

This Court has observed that [t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay[.] . . .

*Commonwealth v. Norton*, 144 A.3d 139, 143 (Pa. Super. 2016) (citations and quotation marks omitted).

Here, in August 2016, the trial court granted Appellee's motion for a continuance, with the concurrence of the Commonwealth, and scheduled the trial for the November term, as requested. (*See* Motion to Continue Trial to the November Trial Term, 8/12/16, at unnumbered page 5, Certificate of Concurrence/Nonconcurrence; Order, 8/16/16). Nearly three months later, on the day scheduled for jury selection, the Commonwealth requested a

continuance due to the unavailability of Detective Bonheim during the trial court's November 2016 trial term. (*See* N.T. Proceedings, at 3-4; *see also* Commonwealth's Brief, at 9). In denying the request, the trial court observed:

> For multiple reasons I have to deny that. This case was continued from at least September when it was previously listed, so this case is not coming as a surprise to anybody. Now, a motion for . . . a continuance on the eve of trial, my initial response is you've got to be kidding me. I'm booked out into January now, just for hearings—
>
> \*       \*       \*
>
> . . . The other problem is that [Appellee] is a former supervisor in Stroud Township[.] . . . [I] think that is the genesis of all of the other judges' [recusal] issues. . . . I would move this if I could, but I can't, because I have a primarily civil docket. I have civil trials scheduled every month through September [2017.] . . . So, its not that I don't want to move it, it's just it can't happen, and I'm not pushing this case out for some date come the fall of 2017, that's not happening. Again, this was continued from September, if somebody was going to have a problem you needed to find that out from your witnesses and so forth well in advance and you needed to address it in a more timely manner. I can't move it[.] . . .

(N.T. Proceedings, at 4-5).

Based on the foregoing and our liberal standard of review, we cannot conclude that the trial court demonstrated "prejudice or a palpable and manifest abuse of discretion" where the Commonwealth made the eleventh hour continuance request months after concurring to the November trial term, and a trial could not be re-scheduled for nearly a year due to the

court's docket.   ***Hansley***, ***supra*** at 418 (citation omitted); ***see also***

***Norton***, ***supra*** at 143.  The Commonwealth's second issue lacks merit.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/27/2017