J-S13012-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                                         :                PENNSYLVANIA
                                                         :

           v.                                                                :
                                                         :

LARRY J. DEAN,                                      :
                                                         :

           Appellant                      :        No. 667 WDA 2018

Appeal from the Judgment of Sentence Entered April 9, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000571-2017

BEFORE: BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.: FILED: May 21, 2019

Because I find that the trial court abused its discretion in denying Appellant's motions to continue, I would vacate the judgment of sentence and remand for a new trial. Accordingly, I respectfully dissent.

By way of background, the Commonwealth began its underlying criminal investigation in 2016. Appellant was arrested on August 2, 2017. A preliminary hearing was held on November 3, 2017, a pretrial motions hearing on February 8, 2018, and a five-day jury trial beginning March 19, 2018. Appellant was convicted of 21 charges and ultimately sentenced to an aggregate term of 65 to 193 years of incarceration.

In anticipation of the scheduled pretrial motions hearing and jury trial, Appellant filed his first motion to continue on February 6, 2018. Within that motion, Appellant sought a continuance to allow counsel to examine the

_____

* Retired Senior Judge appointed to the Superior Court.

thousands of pages of discovery already received, plus the additional discovery counsel had not yet received, and to allow counsel adequate time to investigate the Commonwealth's witnesses and locate potential rebuttal witnesses. Motion to Continue Jury Selection, 2/6/2018, at ¶¶ 2-5. Counsel contended that "[a] continuance [wa]s necessary given the sheer volume of information that must be reviewed, analyzed, and prepared for effective defense in the amount of time left between now and mid-March" and that the "Commonwealth ha[d] no objection to the granting of this motion." Id. at ¶¶ 7-8. The trial court, without explanation, denied the motion on February 9, 2018. In its Pa.R.A.P. 1925(a) opinion, the trial court explains that counsel's "speculation that he would not have adequate time to prepare for trial" when trial was "still more than a month away" "did not strike the [trial c]ourt as 'good cause' for granting a continuance." Trial Court Opinion, 9/21/2018, at 1.

Appellant filed a second motion to continue on February 21, 2018, based upon Dr. Louis Martone's evaluation of Appellant's competency to participate in his defense. Specifically, Appellant sought a continuance to allow Appellant to receive formal neurological medical testing, as well as the production of medical records for Dr. Martone to evaluate in order to make a competency determination. The trial court, without explanation, denied the motion on the same day. In its opinion, the trial court justifies its denial

based upon the court's observations of Appellant's behavior at trial, which the trial court found to disprove Appellant's claim of incompetence. Id. at 2.

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]

Commonwealth v. Norton, 144 A.3d 139, 143 (Pa. Super. 2016) (citation omitted).

> This Court has observed that [t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay[.] Accordingly, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request.

Id. (citations and quotation marks omitted).

In concluding that the trial court did not abuse its discretion in denying this motion to continue, the Majority finds that the record supports the trial court's reasons for denying the motion. Specifically, the Majority finds, as to the second motion to continue, that Appellant's behavior at trial "evidenced an ability to aid in his own defense[, which] overcame the allegation that Appellant was not competent to stand trial." Majority at 6. Additionally, the

Majority found that Appellant failed to specify to the trial court how counsel would have prepared differently for trial had the continuance been granted. Id. at 2.

However, in reviewing the reasons offered by Appellant in the request and the reasons offered by the trial court for denying the motions, I find the trial court adhered arbitrarily to expeditiousness at the expense of Appellant's right to have his counsel adequately prepared for a multi-day trial on 21 charges in which Appellant received a sentence of 65 to 193 years of incarceration. Given the sheer volume of discovery in this case, which was the result of a lengthy investigation by the Commonwealth, and that counsel still had not received all discovery materials one month before the scheduled jury trial date, counsel made a justifiable request to continue, to which the Commonwealth did not object. "Swift resolution of cases is, no doubt, the linchpin of judicial economy. However, it is not an end in itself." Rutyna v. Schweers, 177 A.3d 927, 937 (Pa. Super. 2018) (en banc). As such, I find that the trial court's insistence upon keeping the same trial date despite justifiable requests for continuance is an abuse of discretion.

Accordingly, I would vacate the judgment of sentence and remand for a new trial.