J-S13001-19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NORMAN BLACKWELL, | : | |
| | : | |
| Appellant | : | No. 729 WDA 2017 |

Appeal from the Judgment of Sentence March 27, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007623-2015

BEFORE: BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:
FILED MAY 22, 2019

I agree with the Majority that Appellant is not entitled to relief on his first claim. However, because I find that the trial court abused its discretion in denying Appellant's motion to continue, I would vacate the judgment of sentence and remand for resentencing. Accordingly, I respectfully dissent.

As noted by the Majority, after a bench trial, Appellant was found guilty on all counts on December 20, 2016; the trial court deferred sentencing until March 27, 2017 so that a presentence investigation report could be prepared. One week before sentencing, on March 20, 2017, Appellant obtained new counsel, Thomas Farrell, Esquire. That day, Attorney Farrell entered his appearance on Appellant's behalf, and Appellant requested a continuance of the sentencing hearing. Appellant sought a continuance to allow Attorney Farrell time to prepare and because Attorney

_____

* Retired Senior Judge appointed to the Superior Court.

Farrell had a scheduling conflict. Motion for Continuance, 3/20/2017. Notably, this was Appellant's first motion to continue, and the Commonwealth consented to the continuance. The trial court did not act on the motion prior to the date of the sentencing hearing. When the parties appeared for sentencing on March 27, 2017, the trial court denied the motion from the bench. After the court admonished the prosecutor for being late, the following exchange occurred between the trial court and Attorney Farrell.

> MR. FARRELL: Good morning, Your Honor, Thomas N. Farrell on behalf of [Appellant].
>
> THE COURT: In fact, [Appellant] was the only one here this morning. Neither the prosecutor or the defense lawyer showed up.
>
> MR. FARRELL: That is true, Your Honor, and I apologize. I did send someone from my staff. Obviously, that was not me, but I apologize. I was running a little late today in terms of I had a case, not as important as Your Honor's case ever, but it was --
>
> THE COURT: In front of which Judge was that case?
>
> MR. FARRELL: Well, it ended up being in front of Judge Flaherty, Your Honor.
>
> THE COURT: So I should call Judge Flaherty and tell him his case wasn't as important as my case?
>
> MR. FARRELL: Well, he would probably agree with you, Judge.
>
> THE COURT: Well, he got you first, didn't he?
>
> MR. FARRELL: He did, Your Honor.

THE COURT: So it seems to me by your conduct you made him the priority?

MR. FARRELL: That's the way you could look at it but that's not how I would look at it. I would look at it that I was supposed to be there at 8:00 this morning, and unfortunately, what happened was the courtroom was running slowly. I apologize.

THE COURT: Let's get down to the meat of it. You entered your appearance to try to postpone sentencing?

MR. FARRELL: That's correct, Your Honor.

THE COURT: I'm not interested in that.

MR. FARRELL: I understand that, Your Honor.

THE COURT: If you want to try to talk me into it, go ahead, but I'm just telling you it's not likely.

MR. FARRELL: I realize that, Your Honor, and I appreciate you[r] listening to me. I put my Praecipe of Appearance in a while ago and I did put in a postponement a while ago and [the prosecutor] did not object to it.

We did not get a ruling from the [trial court] and we understand that. However, during that period of time we have attempted to get the file so I could understand at least what was going on with this case. I did talk to my client briefly several times, but quite frankly, I need to look at the file, I need to look at what's going on. I have no idea --

THE COURT: Which file are you talking about?

MR. FARRELL: The client's file, Your Honor.

THE COURT: From the other lawyer?

MR. FARRELL: That's correct, Your Honor.

THE COURT: So from February 19[1] until today you haven't gotten that file?

MR. FARRELL: No, Your Honor, I have not.

THE COURT: The other lawyer is right in the next room, Mr. Urbano.[2]

MR. FARRELL: Yes, Your Honor.

THE COURT: I'm not postponing this case, Mr. Farrell.

MR. FARRELL: I understand.

THE COURT: I'm not postponing it. I don't even want to go there. You couldn't get the file from February 19 to March 27?

MR. FARRELL: No, I couldn't.

THE COURT: Let's go get Mr. Urbano. He can do the sentencing then. I'm not postponing the sentencing. I'm not. I can't even imagine.

MR. FARRELL: Your, Honor, I'm asking specifically for a very short period of time.

THE COURT: And I'm specifically denying your request. I'm not postponing this sentencing.

MR. FARRELL: My client has terminated Mr. Urbano for a reason and I am the attorney and so --

THE COURT: Then be prepared to do a sentencing because we are doing it in about five minutes. I'll give you five minutes. That's it.

---

[1] As noted infra, this date is incorrect; Appellant did not retain Attorney Farrell until March 20, 2017.

[2] Christopher Urbano, Esquire, served as Appellant's pretrial and trial counsel.

- 4 -

MR. FARRELL: Okay. Thank you, Your Honor.

N.T., 3/27/2017, at 3-7. A recess was taken in the proceedings, but the transcript of the notes of testimony does not indicate its length. Once the proceedings resumed, Attorney Farrell addressed the trial court again regarding his motion to continue.

> MR. FARRELL: Your Honor, I know you have already ruled on my motion. I just wanted to correct one thing. I've been his attorney for seven days now. Seven. March 20th to 27th. I was not his attorney prior to that.
>
> THE COURT: Didn't the postponement have the date of February 19?
>
> MR. FARRELL: That was the date of conviction, Your Honor.
>
> THE COURT: Let me see the Request for Postponement.
>
> MR. FARRELL: That would have given me enough time. My Praecipe of Appearance says that too, Your Honor.
>
> THE COURT: This says the date the complaint was filed. Right. That was the 20th day of March. Okay, you have been his lawyer for seven days. Okay.
>
> MR. FARRELL: In light of that, Judge, would you reconsider?
>
> THE COURT: No. No.
>
> MR. FARRELL: Okay.
>
> THE COURT: Mr. Farrell, coming in at the last minute to try to delay the sentencing again, at some point it's not going to happen.

Id. at 10-11.

In its Pa.R.A.P. 1925(a) opinion, the trial court explained its denial of Appellant's motion to continue as follows.

> Based on the fact that Mr. Urbano was still counsel of record and the motion for postponement was filed only one week before the sentencing hearing, the [trial court] did not act on it until March 27 201[7], since, among other things, [Appellant] would need to be present for the selection of a new sentencing date. Despite his claim of a scheduling conflict, Attorney Farrell appeared at the sentencing hearing and presented a witness on behalf of [Appellant]. Mr. Urbano did not attend the sentencing hearing. [Appellant] has not specified how, if at all, he was prejudiced by the denial of Attorney Farrell's request for postponement such that an abuse of the [trial court's] discretion occurred.

Trial Court Opinion, 7/10/2018, at 13.

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]

Commonwealth v. Norton, 144 A.3d 139, 143 (Pa. Super. 2016) (citation omitted).

> This Court has observed that [t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay[.] Accordingly, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request.

Id. (citations and quotation marks omitted).

I agree with the Majority that the trial court erred when it denied Appellant's motion to continue the sentencing hearing. Majority at 4. However, the Majority determined that Appellant was not prejudiced by the error, and thus concluded Appellant was not entitled to relief on this claim. Id. at 5. The Majority found determinative Appellant's failure to specify how counsel would have prepared differently for sentencing had the continuance been granted. Id.

In reviewing the reasons offered by Appellant in the request, by his counsel at the sentencing hearing, and by the trial court in denying the motion, I find the trial court adhered arbitrarily to expeditiousness at the expense of Appellant's right to have his counsel adequately prepared for sentencing. Attorney Farrell made a justifiable request to continue given that he had been retained for only seven days; the motion to continue was filed on the same day Attorney Farrell entered his appearance; Appellant and Attorney Farrell were unable to obtain the case file from prior counsel before the sentencing hearing date; Attorney Farrell appeared at the sentencing hearing despite a court scheduling conflict on his end; it was Appellant's first continuance request; and the Commonwealth consented to the continuance. "Swift resolution of cases is, no doubt, the linchpin of judicial economy. However, it is not an end in itself." Rutyna v. Schweers, 177 A.3d 927, 937 (Pa. Super. 2018) (en banc). As such, I find that the trial court's

insistence upon moving forward with the sentencing hearing date despite a justifiable request for continuance is an abuse of discretion. Further, I am not persuaded by the Majority's reasoning that because Appellant did not show how counsel would have prepared differently for sentencing, his claim fails; the record was fixed at the time of sentencing, and thus, I do not see how Appellant could possibly demonstrate prejudice on such a record.

Accordingly, I would vacate the judgment of sentence and remand for resentencing.