J-A19003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SCOTT LITTLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY & KIMBERLY SWANK | : | |
| | : | |
| Appellants | : | No. 1605 MDA 2022 |

Appeal from the Judgment Entered January 17, 2023
In the Court of Common Pleas of Lycoming County
Civil Division at No(s):  CV-2021-00415-EJ


BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:              **FILED: DECEMBER 3, 2024**

Randy Swank and Kimberly Swank appeal from the judgment[1] entered

in the Lycoming County Court of Common Pleas on January 17, 2023, in favor

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The Swanks purported to appeal from an October 17, 2022 order dismissing their post-trial motion, and an order dated September 2, 2022. Notably, the record shows that on October 17, 2022, the court denied the Swank's continuance request. The court did not enter an order dismissing the post-trial motion until October 20, 2022. Meanwhile, in an order dated September 2, 2022, but filed on September 7, 2022, the court ruled in favor of Little, following trial.

Because a review of the trial court docket revealed that no judgment had been appropriately entered, this Court directed the Swanks to praecipe the trial court prothonotary to enter judgment on the decision of the trial court. ***See Brown v. Philadelphia Coll. Of Osteopathic Med.***, 760 A.2d 863 (Pa. Super. 2000) (reiterating that appeal does not properly lie from order denying post-trial motions, but upon judgment entered following disposition of post-
*(Footnote Continued Next Page)*

of Scott Little in this ejectment action. On appeal, the Swanks raise challenges to the court's denials of their day-of requests for continuances of both the non-jury trial and oral argument on their post-trial motion. We conclude the Swanks' claims do not entitle them to relief, and we affirm the judgment.

In May 2021, Little filed a complaint in ejectment against the Swanks, alleging a breach of a written agreement of sale for real property.[2] A non-jury trial was originally scheduled for September 2, 2021. Following a conference, the non-jury trial was rescheduled for September 1, 2022, due to ongoing settlement negotiations.

Just under two months prior to trial, on July 11, 2022, the Swanks' counsel, Attorney David F. Wilk, filed a motion to withdraw as counsel. On July 27, 2022, the court entered an order directing the Swanks to file an objection or response to the motion to withdraw within 20 days of the date of service of the order. The court also scheduled argument on the motion to withdraw for September 1, 2022, immediately preceding the non-jury trial.

_____

trial motions). The Swanks subsequently filed a certified copy of the trial court docket showing that judgment was properly entered on the verdict on January 17, 2023. The appeal is now properly before us and the caption reflects the date on which judgment was entered.

[2] The prior proceedings between the parties involved an agreement for the sale of a parcel of land. Due to the nature of the specific issues in front of us, we find a more thorough overview of the original litigation is not necessary. However, the trial court provided a thorough summary of the original litigation in its opinion on appeal. *See* Trial Court Opinion, 12/13/22, at 1-6.

On August 4, 2022, Attorney Wilk filed an affidavit of personal service, certifying that the Swanks were served with the motion to withdraw as counsel and the court's order scheduling argument on the matter.

The court subsequently rescheduled the argument on the motion to withdraw as counsel for August 25, 2022, to be heard along with a motion in limine that recently had been filed by Little.

The Swanks did not file any response and did not appear for the hearing on August 25, 2022. Accordingly, on August 30, 2022, the trial court entered an order granting counsel's motion to withdraw.

On September 1, 2022, the Swanks appeared at trial without counsel. The following relevant exchange took place on the record:

> THE COURT: And I believe that we had a hearing not long ago on the motion of Attorney Wilk to withdraw his appearance on behalf of the [Swanks], and no one objected to the motion and no on[e] appeared to resist his motion, and since nobody filed an answer to his motion and nobody resisted his motion, I entered an order granting it and he is not here, which is not surprising.
>
> You are Mr. and Mrs. Swank?
>
> MR. SWANK: Yes, sir.
>
> THE COURT: Good afternoon. How do you do?
>
> MR. SWANK: Okay.
>
> THE COURT: Now, Mr. and Mrs. Swank, I'm going to explain a couple of things to you that ordinarily a lawyer would tell you. You may know this already, but generally when folks appear without an attorney I try to give a little extra information to—because it's things their lawyer would tell them if they had one. One of them is that there was a court order entered in this matter by, I believe, Judge Linhardt. I can probably find it here scheduling trial for now.

- 3 -

Judge Linhardt's order was entered March 16th and filed March 21st. So an order a long time ago scheduling trial for today, and so that's why we are here. And we've allowed three hours for the trial if that's how long it takes. If it takes longer, it takes longer but that's what we're doing. In a moment I'm going to tell you how trials work generally, but do you have any questions about what we're doing here this afternoon?

MR. SWANK: The hearing that you were just talking about, why didn't I know anything about it?

THE COURT: Well, all I can tell you is what your lawyer told me. Your lawyer told me that he filed it and served it on you. That's what he told me. I'm not the one that did it so I'm in no position to comment.

MR. SWANK: I understand that.

MRS. SWANK: I understand.

THE COURT: Does that answer your question?

MR. SWANK: It does. Yes.

THE COURT: Good. Okay so we are scheduled this afternoon for the trial. Do you have any questions about what we're doing this afternoon, or you know what we're doing?

MR. SWANK: I know what we're doing, yeah, but I feel I still should have some kind of legal attorney to represent me.

THE COURT: Well, I'm inclined to agree with you, but here's the problem. My obligation is to follow the law and to try to be fair to everyone. And if the trial had been scheduled a week ago and you said, hey, Judge Carlucci, I've only had a week, I haven't had time to find a lawyer, this is not fair then I might be pursued by that. But this trial was scheduled by an order filed on March 21st and it says here that a copy of the order was sent to 429 Red Hill Road, Benton, 17814. Do you recognize that address?

MR. SWANK: Yes.

THE COURT: So you think you got a copy of this order?

- 4 -

MR. SWANK: But since then I have talked to him and he then said he was going—

THE COURT: This is going to go better if when I ask you a question you answer it.

MR. SWANK: Yes.

THE COURT: Do you think you got a copy of this order?

MR. SWANK: Yes.

THE COURT: All right. So what that means to me, Mr. and Mrs. Swank, is that if you got a copy of an order filed March 21, 2022, telling you we're going to have a trial today so it's not exactly news.

MR. SWANK: No.

MRS. SWANK: No.

THE COURT: So here's what I'm going to do. I am going to ask counsel for the plaintiff if he has a position on this subject and then I'll come back to you. Attorney Taylor, because you are here with your client I am guessing that you intend to have a trial today?

MR. TAYLOR: Yes, we did.

THE COURT: What are your thoughts, if any, on the subject of the [Swanks] being self-represented litigants?

MR. TAYLOR: In general, I didn't know they were going—I didn't know what the status was so obviously that they are here is a little bit surprising that they didn't come to the last thing where Mr. Wilk asked to be withdrawn and things. So I—I would probably surmise that my client wants to move forward today so I would ask that we continue with the trial, Judge.

THE COURT: Mr. and Mrs. Swank, it appears to me that [Little] intends to proceed. Now, I am sympathetic to your concern about having a lawyer. I recommend that everybody in a courtroom have a lawyer. The problem I'm faced with is I either have to frustrate the desire of [Little] to proceed today or I have to

- 5 -

frustrate your desire to not proceed today, and if this had been scheduled a week or two ago then I would tell [Little] you're going to have to wait, but it was scheduled six months ago.

MRS. SWANK: Yes.

THE COURT: So I'm inclined to say we should go forward. Now, do you want to speak to that before we start?

MRS. SWANK: Um, well, he talked to [Attorney Wilk], what, a week and a half ago? And he said he was representing us again. And then—

MR. SWANK: Today we got a letter from the office saying that he wasn't going to represent me.

THE COURT: Well, because he filed a motion to withdraw, and because he appeared in support of his motion to withdraw, and because he told us that he served you with a copy of his motion to withdraw, and because I entered an order granting his motion to withdraw, I'm inclined to say that he's withdrawn from the case. It certainly looks that way to me.

MRS. SWANK: But that was after he withdrawn.

MR. SWANK: Yeah, I mean since I—when I got those letters served, I talked to him several times after that and then he said that he would still represent me, and I thought it was still going on until today when I got the letter from the office saying that he wasn't going to represent me.

THE COURT: Well, it appears to me that he's not.

MRS. SWANK: Yeah, it appears to us too. Yeah.

THE COURT: Okay. So I am going to proceed with the trial, but what I'm going to do is I am going to advise you how we're going to do it, and if you would like a pad or a pen to take notes, if you would like some help with that I'll be glad to give it to you. But generally here is how we do it … [Court then explains the procedure of trial]. Do you understand me?

MR. SWANK: Yes.

N.T., Non-Jury Trial, 9/1/2022, at 3-9. The court then proceeded with trial, during which Little and the Swanks testified. At the conclusion of the trial, the court explained to the Swanks that it was taking the matter under advisement and would subsequently issue a final opinion and decision. *See id*. at 83. The court emphasized the short deadline for filing a post-trial motion, and strongly advised the Swanks that if they were to disagree with the decision, to obtain counsel "immediately" to file a post-trial motion. *See id*. at 83-84.

On September 7, 2022, the court entered an order entering judgment in ejectment in favor of Little, along with an accompanying opinion listing the court's findings of fact and conclusions of law. In the order, the court again explained the procedure for filing a post-trial motion and advised the Swanks that if they wished to file such a motion "they are encouraged to immediately seek the assistance of counsel to assist them in the preparation of that motion." Order, 9/7/2022, at ¶ 3.

Almost 2 weeks later, the Swanks filed a motion for post-trial relief seeking "property settlement" because they "had a trial without any Attorney." Post-Trial Motion, 9/19/2022. The cover page for the motion listed counsel as "Andrew Katsock." The trial court scheduled oral argument on the post-trial motion for October 17, 2022, and served counsel for both parties with notice.

A month later, on the morning of the scheduled argument, the Swanks, through Attorney Katsock, submitted a continuance request on the basis that "Defendant's counsel is pre-attached" to a jury trial in another county.

Continuance Request, 10/17/2022. The request indicated that Little's counsel opposed the continuance. The trial court denied the continuance. On October 20, 2022, the court entered an order dismissing the post-trial motion based on the Swanks failure to appear for oral argument. This timely appeal followed.[3]

The Swanks raise the following issues on appeal:

1. Whether the trial court committed plain error or abused its discretion in its order denying a continuance of the non-jury trial?

2. Whether the trial court committed plain error or abused its discretion in its order denying a continuance of the oral argument on the [Swank]'s motion for post-trial relief?

*See* Appellants' Brief, at 3.

In reviewing the Swanks' claims, we are guided by the following standard:

[a]ppellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is

_____

[3] Attorney Katsock timely filed the notice of appeal on the Swanks' behalf. However, Attorney Katsock later filed an application to withdraw as counsel, citing financial reasons. The Swanks did not file a response. Accordingly, this Court granted counsel's application to withdraw, directed the prothonotary to remove Attorney Katsock as counsel of record, and provided the Swanks with 30 days to either procure new counsel or notify the Court they are proceeding *pro se*. The Swanks did not file any response. Accordingly, this Court directed the prothonotary to list the Swanks as proceeding *pro se* on appeal. Attorney Katsock subsequently re-entered his appearance on behalf of the Swanks and filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), followed by an appellate brief on their behalf.

overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]

*Commonwealth v. Norton*, 144 A.3d 139, 143 (Pa. Super. 2016) (citation omitted).

In evaluating whether a trial court abused its discretion in denying a continuance request, the reviewing court must consider "whether there was prejudice to the opposing party by a delay, whether opposing counsel was willing to continue the case, the length of the delay requested, and the complexities involved in presenting the case." *Rutyna v. Schweers*, 177 A.3d 927, 933 (Pa. Super. 2018) (citation omitted).

Little argues the trial court acted within its discretion in denying both the last-minute request to continue trial, and the day-of request to continue oral argument on the post-trial motions.

Upon review, we discern no abuse of discretion on the part of the trial court in denying the Swank's request for a continuance and proceeding with the non-jury trial.

The record reflects Little filed a complaint in ejectment on May 6, 2021. On March 16, 2022, the court scheduled a non-jury trial for almost 6 months later on September 1, 2022. Counsel for both parties were served with notice of the order scheduling trial. Further, the Swanks do not dispute that they received notice of the order scheduling the trial.

On July 11, 2022, with almost 2 months to go before trial, the Swanks' counsel filed a motion to withdraw from representation. The Swanks acknowledged they received notice of the motion to withdraw. *See* N.T., Non-Jury Trial, 9/1/2022, at 5. It is uncontested that the Swanks did not file any objection to the motion to withdraw. It is also uncontested that the Swanks did not appear at the hearing on the motion to withdraw. The Swanks have provided no explanation for their absence. Due to the lack of any objection, along with the Swanks' absence on the date scheduled for argument, the trial court granted counsel leave to withdraw. Counsel subsequently withdrew his appearance.

During an exchange with the trial judge, Mr. Swank stated "I feel I still should have some kind of legal attorney to represent me." *Id*. at 5. However, despite knowing for almost 6 months that trial was scheduled for that date and knowing for almost 2 months that their counsel sought to withdraw, the Swanks seemingly took no action to either oppose counsel's withdrawal or procure new counsel in the event counsel was permitted to withdraw. Nor did the Swanks provide any kind of timeframe for how long it would take them to secure new counsel. The court indicated its preference that everyone have counsel, but confirmed the Swanks received a copy of the motion scheduling trial six months earlier; Mr. Swank had, through counsel, advised that he was ready to proceed; the Swanks received notice of their counsel's motion to withdraw, and the argument scheduled on the matter; and that the Swanks

did not respond to the motion or appear for argument. For those reasons, along with the court's finding that it would be unfair to Little, who opposed the continuance, to delay the matter any further given the extended notice of the hearing, the court proceeded with the trial. Based on the above, we find the trial court properly denied the continuance request and proceeded with trial.

We further discern no abuse of discretion on the part of the trial court in denying the Swank's request for a continuance of argument on their post-trial motion.

In a September 7, 2022 order, the trial court stated it was entering a judgment in ejectment in favor of Little. On September 19, 2022, the final day to submit a timely post-trial motion, the Swanks filed a post-trial motion seeking "property settlement" because they "had a trial without any Attorney." Post-Trial Motion, 9/20/2022. The trial court scheduled oral argument on the post-trial motion for October 17, 2022, and served counsel.

A month later, on the morning of the scheduled argument, the Swanks, through counsel, submitted a continuance request on the basis that "Defendant's counsel is pre-attached" to a jury trial in another county. Continuance Request, 10/17/2022. The request indicated that Little's counsel opposed the continuance. The trial court denied the continuance.

Based on the record, we discern no abuse of discretion on the part of the trial court in denying the Swanks' day-of request for a continuance of

argument on their post-trial motion. The Swanks, along with their counsel, knew for an entire month that argument was scheduled for October 17, 2022. It cannot be seriously contended that counsel would not have earlier known that he had a jury trial scheduled for that date. The Swanks have provided no explanation for why they could not request a continuance earlier, despite receiving notice of the scheduled argument a month prior. Again, Little and his counsel were fully ready to proceed and opposed this second attempt at a last-minute continuance. The Swanks again provided no suggested timeframe for continuance.

Based on the foregoing, we find the trial court properly denied the continuance request and proceeded with a decision on the post-trial motion.

As both of the Swanks' claims fail, we affirm the judgment entered by the court.

Judgment affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/03/2024