J-S30010-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS MICHAEL MAGASH | : | |
| | : | |
| Appellant | : | No. 1561 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 16, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0003435-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                          FILED JULY 23, 2020

Travis Michael Magash (Appellant) appeals from the judgment of sentence imposed after he was convicted of aggravated assault, strangulation, simple assault, and harassment.[1]  Upon review, we affirm.

In the early morning hours of June 16, 2018, Appellant assaulted his paramour (Victim).  Trial Court Opinion, 12/5/19, at 2-3.  The Victim testified that upon returning home from work, Appellant demanded they have sexual intercourse.  Id. at 3.  When the Victim refused, Appellant threw a "tantrum." Id.  Appellant became violent and punched the Victim in the face multiple times.  Id.  At some point, the altercation moved to the floor.  Id.  Appellant placed his hands around the Victim's neck, continuously tightening his grip.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2718(a)(1), 2701(a)(1), and 2709(a)(1).

Trial Court Opinion, 12/5/19, at 3. As a result, the Victim lost consciousness. Id.

The Victim reported the assault to police and Appellant was charged with the above crimes. On May 15, 2019, the case proceeded to trial, with the aggravated assault, strangulation, and simple assault charges tried by a jury, and the harassment charge, a summary offense, presented to the trial court. Appellant was convicted of all charges. On September 16, 2019, the trial court sentenced Appellant to an aggregate 9 to 30 years of imprisonment.[2] Appellant did not file post-sentence motions, but filed this timely appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents three issues for review:

[1.] Did the [t]rial [c]ourt err in denying Appellant's motion to continue the matter in order to allow sufficient time for the review of approximately forty (40) letters written by the Appellant to the [V]ictim, when said letters were voluminous and were not provided to trial counsel until the morning of trial?

[2.] Did the [t]rial [c]ourt [o]rder an illegal sentence when it sentenced Appellant to a consecutive term when the offenses of [a]ggravated [a]ssault and [s]trangulation should have merged for the purposes of sentencing?

[3.] Did the [t]rial [c]ourt abuse its discretion in sentencing Appellant to an excessive prison term?

_____

[2] The trial court determined that Appellant's simple assault conviction merged with his aggravated assault conviction for sentencing purposes. N.T., 9/16/19, at 23. No further sentence was imposed for Appellant's harassment conviction. Id.

- 2 -

Appellant's Brief at 4.

In his first issue, Appellant challenges the trial court's denial of the oral motion for continuance he made on the morning of trial. Appellant sought a continuance after the Commonwealth, prior to opening arguments, turned over approximately 40 letters Appellant wrote to the Victim while incarcerated. Appellant's Brief at 10. Appellant contends the trial court abused its discretion in denying his request because Appellant "was compelled to alter his entire defense strategy and outlook of the case on the morning of trial, based upon voluminous evidence that he had not previously seen." Id. at 13.

The Pennsylvania Rules of Criminal Procedure provide that a trial court "may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party." Pa.R.Crim.P. 106(A). "Appellate review of a trial court's continuance decision is deferential." Commonwealth v. Norton, 144 A.3d 139, 143 (Pa. Super. 2016) (citation omitted). "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." Id.

> [This] Court has observed that trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. Accordingly, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request.

Id. (citations omitted).  Further:

> A bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion.  Instead, an appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time.  We will not reverse a denial of a motion for continuance in the absence of prejudice.

Commonwealth v. Ross, 57 A.3d 85, 91 (Pa. Super. 2012) (citations omitted).

In this case, the trial court reasoned:

> At no time did [Appellant] deny authorship of the letters.  As indicated in the record, [Appellant] knew he was going to trial.  As the author of the letters, [Appellant] should have known of the contents of the letters.  Only portions of eight (8) letters were used and the record demonstrates that [Appellant] was not disadvantaged because they were used in his cross-examination of the Victim.  Additionally, counsel for [Appellant] produced and cross-examined the [V]ictim about letters the [V]ictim had sent to [Appellant].  None of the letters were sent out with the jury. [Appellant] does not specify how the court's denial of the continuance request to review [Appellant's] letters to the [V]ictim impacted the trial or caused prejudice to [Appellant].
>
> As [Appellant] did not specify what prejudice he suffered by the denial of the continuance request to review the letters, it is not for this court to speculate or guess as to what that prejudice might be.  As [Appellant] has not identified nor demonstrated any prejudice suffered as a result of the denial of a continuance to review the letters he had written, it was not an abuse of discretion to deny the continuance request made by [Appellant].

Trial Court Opinion, 12/5/19, at 14 (citations and footnote omitted).

We discern no abuse of discretion.  As the trial court stated, Appellant has not denied writing the letters, or their authenticity.  See Appellant's Brief at 4.  Thus, Appellant knew of the letters' existence and their content prior to

- 4 -

the Commonwealth presenting them at trial. Further, Appellant did not articulate any prejudice from the court's denial of a continuance. To the extent Appellant may have been disadvantaged by the introduction of the letters, such disadvantage would be attributable to Appellant. This issue does not merit relief.

Appellant next challenges the legality of his sentence, arguing that his convictions of aggravated assault and strangulation should have merged for sentencing purposes. See Appellant's Brief at 15-19. "A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary." Commonwealth v. Williams, 958 A.2d 522, 527 (Pa. Super. 2008) (citing Commonwealth v. Snyder, 870 A.2d 336, 349 (Pa. Super. 2005).

> The Sentencing Code provides:
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "As our Supreme Court has explained, the mandate of Section 9765 is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." Commonwealth v. Taylor, 61 A.3d 1043, 1046 (Pa. Super. 2013) (citation omitted). "The preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act. If the

offenses stem from two different criminal acts, merger analysis is not required." Commonwealth v. Healey, 836 A.2d 156, 157-58 (Pa. Super. 2003) (citation omitted).

Appellant was convicted of both aggravated assault and strangulation. "A person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1).

With regard to strangulation:

(a) Offense defined.--A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by:

(1) applying pressure to the throat or neck . . .

18 Pa.C.S.A. § 2718(a)(1).

Appellant argues that the two crimes should merge because his repeated punching of the Victim's face is insufficient to support a conviction of aggravated assault, and therefore the strangulation of the Victim constitutes a solitary criminal act on which both convictions of aggravated assault and strangulation were based. See Appellant's Brief at 19 ("[T]he aggravated assault and strangulation charges resulted from the same criminal act: the choking of [Victim]."). We disagree.

This Court has previously stated:

The threshold question is whether [a]ppellant committed one solitary act. The answer to this question does not turn on whether

there was a "break in the chain" of criminal activity. Rather, the answer turns on whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime. If so, then the [appellant] has committed more than one criminal act. This focus is designed to prevent defendants from receiving a 'volume discount on crime' of the sort described in our Supreme Court's decision in [Commonwealth v. Anderson, 650 A.2d 20 (Pa. 1994)]:

> If multiple acts of criminal violence were regarded as part of one larger criminal transaction or encounter which is punishable only as one crime, then there would be no legally recognized difference between a criminal who robs someone at gunpoint and a criminal who robs the person and during the same transaction or encounter pistol whips him in order to effect the robbery. But in Pennsylvania, there is a legally recognized difference between these two crimes. The criminal in the latter case may be convicted of more than one crime and sentences for each conviction may be imposed where the crimes are not greater and lesser included offenses.

Commonwealth v. Ousley, 21 A.3d 1238, 1243 (Pa. Super. 2011) (citations omitted, emphasis added).

The elements of aggravated assault and strangulation are distinct. Appellant's assault of the Victim, during which he both punched and choked her, provided the factual basis for Appellant's aggravated assault conviction. See Criminal Information, 9/27/18. Appellant's choking of the Victim, applying pressure to her throat and impeding her breathing, provided the basis for Appellant's strangulation conviction. See id. With aggravated assault, Appellant committed criminal acts beyond that which were necessary to establish the elements of strangulation, e.g., punching of Victim's face. See Ousley, 21 A.3d at 1243; see also 18 Pa.C.S.A. § 2718(a)(1);

Commonwealth v. Frasier, 1453 MDA 2019, 2020 WL 1490937 (Pa. Super. Mar. 27, 2020) (non-precedential decision) (affirming convictions of aggravated assault and strangulation where the factual basis for aggravated assault included both the choking and punching of the victim).[3]  Accordingly, the trial court did not err by imposing separate sentences on Appellant's aggravated assault and strangulation convictions.  000

In his third issue, Appellant challenges the discretionary aspects of his sentence.  "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal."  Commonwealth v. Buterbaugh, 91 A.3d 1247, 1265 (Pa. Super. 2014).  "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence."  Id. We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

Commonwealth v. Baker, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Appellant filed a timely notice of appeal and has included in his brief a Rule 2119(f) concise statement.  See Appellant's Brief at 7.  However,

---

[3] "Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value[.]"  210 Pa. Code § 65.37(B).

Appellant has failed to preserve his discretionary claim because he did not raise it at the time of sentencing or in a post-sentence motion.

It is well settled that issues "not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Further, "where the issues raised assail the trial court's exercise of discretion in fashioning the defendant's sentence, the trial court must be given the opportunity to reconsider the imposition of the sentence either through the defendant raising the issue at sentencing or in a post-sentence motion." Commonwealth v. Cramer, 195 A.3d 594, 610 (Pa. Super. 2018) (citation omitted). "[T]he failure to do so results in waiver of those claims." Id. (citations omitted). "Moreover, a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." Commonwealth v. Monjaras-Amaya, 163 A.3d 466, 469 (Pa. Super. 2017) (citations and emphasis omitted). Finally, we will not overlook waiver simply because the trial court substantively addressed the issue in its opinion. See Commonwealth v. Melendez-Rodriguez, 856 A.2d 1278, 1287-89 (Pa. Super. 2004) (en banc). In sum, because Appellant did not file a post-sentence motion or challenge the trial court's discretion at sentencing,[4] his third issue is waived.

Judgment of sentence affirmed.

_____

[4] See N.T., 9/16/19, at 1-24.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/23/2020</u>