J-S32037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARRIE J. WALKER | : | |
| | : | |
| Appellant | : | No. 1569 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 6, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-SA-0000205-2022

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: NOVEMBER 20, 2023**

Appellant Carrie J. Walker appeals *pro se* from the judgment of sentence imposed following her conviction for reckless driving.[1]   Appellant challenges the sufficiency of the evidence and argues that the trial court erred in denying her request to continue the summary appeal hearing.  We affirm.

By way of background, Appellant was charged with one count of reckless driving following a traffic stop in June of 2022.  Following a hearing on August 9, 2022, the magisterial district judge found Appellant guilty.  Appellant filed a timely appeal from her conviction with the Court of Common Pleas of York County on August 29, 2022, and a summary appeal hearing was scheduled for October 6, 2022.

_____

[1] 75 Pa.C.S. § 3736(a).

On October 3, 2022, Appellant filed a motion for a continuance, which was denied that same day. *See* Motion, 10/3/22; Order, 10/3/22. At the start of the summary appeal hearing, Appellant then verbally moved for a continuance, which the trial court denied. *See* N.T., 10/6/22, at 3-4. Following the summary appeal hearing, the trial court convicted Appellant of reckless driving and sentenced Appellant to a $200 fine plus costs. *See* Order, 10/6/22, at 1.

Appellant filed a post-sentence motion, which was denied by the trial court. Appellant subsequently filed a timely notice of appeal[2] and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

Appellant raises the following issues for our review:

1. Whether the evidence presented at trial, even when viewed in the light most favorable to the Commonwealth, was sufficient to establish beyond a reasonable doubt all of the elements of reckless driving under 75 Pa.C.S. § 3736[?]

2. Whether [Appellant] was denied due process in being denied a continuance[?]

Appellant's Brief at 1 (some formatting altered).

In her first issue, Appellant challenges the sufficiency of the evidence supporting her conviction for reckless driving. *Id.* at 6. In support, Appellant claims that the Commonwealth failed to prove "the *mens rea* element of the

---

[2] We note that the thirty-day appeal deadline fell on Saturday, November 5, 2022. Therefore, Appellant's November 7, 2022 notice of appeal was timely filed. *See* 1 Pa.C.S. § 1908.

crime" because there was no evidence that she "(1) drove in such a manner that there existed a substantial risk that injury would result; (2) . . . was aware of any risk or danger to any person or property; [and] (3) [] despite that awareness drove in such a manner callously disregarding any risk she was allegedly creating." *Id.* (some formatting altered). In support, Appellant alleges that "[t]o the contrary, the undisputable evidence was that [she] entered an empty parking lot where there were no people that she could have hit or put at risk" and claims that she was not aware of any risk associated with driving beyond a police barricade. *Id.* at 6-7. Finally, Appellant claims that her conduct did not rise to the level of willful and wanton. *Id.* at 7.

When reviewing the sufficiency of the evidence, we are governed by the following standard of review:

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Martin*, 297 A.3d 424, 434 (Pa. Super. 2023) (citation omitted).

Pursuant to the Motor Vehicle Code, "[a]ny person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." 75 Pa.C.S. § 3736(a). This Court has recognized

- 3 -

that reckless driving as being among the offenses within the Motor Vehicle Code that "contemplates the most serious departures from the standard of care the [Motor Vehicle Code] imparts upon operators." **Commonwealth v. Greenberg**, 885 A.2d 1025, 1027 (Pa. Super. 2005).

Additionally, this Court has explained:

In **Commonwealth v. Forrey**, 92 A.2d 233, 234 (Pa. Super. 1952), a case which discussed the removal of the willful and wanton element from reckless driving in 1951, we stated:

The 1951 amendment redefined reckless driving by eliminating **willful** or **wanton** conduct in the operation of a vehicle as an essential element of the offense. But in so doing it is clear that the legislature did not intend to increase a driver's responsibility for ordinary negligence by reclassifying mere negligence as reckless driving. What was contemplated in the language 'carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property' was to set the minimal requisite of the statutory offense of reckless driving at less than willful and wanton conduct on the one hand and, on the other, something more than ordinary negligence or the mere absence of care under the circumstances.

Consequently, even after the term willful and wanton was removed, reckless driving required something more than ordinary negligence. It follows then, that by reinserting willful and wanton into the definition, the standard for reckless driving was raised substantially higher. Since the reinsertion of willful and wanton coincided with the introduction of a lesser offense called careless driving, it stands to reason that to satisfy the elements of reckless driving, the offender's driving must be a gross departure from prudent driving standards. We recognized this in **Commonwealth v. Bullick**, 830 A.2d 998 (Pa. Super. 2003), where we expounded upon the nature of reckless driving while focusing upon the element key to that offense, the requisite *mens rea* of willful or wanton conduct. We stated:

the *mens rea* necessary to support the offense of reckless driving is a requirement that [the defendant] drove in such

- 4 -

a manner that there existed a substantial risk that injury would result from his driving, *i.e.*, a high probability that a motor vehicle accident would result from driving in that manner, that he was aware of that risk and yet continued to drive in such a manner, in essence, callously disregarding the risk he was creating by his own reckless driving.

*Id.* at 1003. Thus, by including provisions for maximum speeds, unsafe speed, careless driving and reckless driving, the legislature created a stratum of violations or offenses to cover driving behavior that is increasingly divorced from prudent driving behavior.

*Greenberg*, 885 A.2d at 1027-28 (footnote omitted).

In the instant case, the Commonwealth presented testimony from Northern York Regional Police Officer Gage Baumgardner, who stated that he was on a special detail patrol in an Old Navy parking lot for a street rod event at the time of the incident. N.T. Hr'g, 10/6/22, at 6. Officer Baumgardner testified that several portions of the parking lot were blocked off with wooden barricades and yellow caution tape attached to the barricades. *Id.* Officer Baumgardner explained that the yellow caution tape was present to indicate that the area had been blocked off. *Id.*

Officer Baumgardner then testified that he witnessed a red sedan drive through the Old Navy parking lot at what he described as a "high rate of speed." *Id.* at 7. The officer observed the vehicle drive through the yellow caution tape that was attached to the wooden barricades, knock down police signs, and continue to the "back side of the Old Navy parking lot." *Id.* Officer Baumgardner initiated a traffic stop and identified Appellant as the driver of the sedan. *Id.* at 7-8.

When asked whether there were other people present in the parking lot at that time, Officer Baumgardner offered the following testimony:

> In the parking lot that [Appellant] drove into, I don't believe there [were] any people in that parking lot. However, there was – I mean the street rod event, there's thousands of people that are in and around this parking lot at those times. So there [were] people in the parking lot.

*Id.* at 8. During cross-examination, Officer Baumgardner testified as follows:

> The parking lot that [Appellant was] entering that was restricted was empty. The rest of the parking lot was full of people.
>
> *       *       *
>
> There was also a flower stand in that area that was still open to the public.

*Id.* at 14-15.

The trial court, sitting as the finder of fact, reached the following conclusion:

> The credible testimony of Officer Baumgardner shows [Appellant] drove through a police barricade at a high rate of speed when said barricade was erected to protect pedestrians from exactly those types of dangers while they participated in a street rod event. [Appellant] argues [Officer] Baumgardner stated the portion of the parking lot she drove through, even though blocked off by police barricades, did not have pedestrians in it. [Officer] Baumgardner did not testify, as [Appellant] alleges, that the parking lot was empty. To the contrary, [Officer] Baumgardner testified there were "thousands of people that are in and around this parking lot at those times." Again, it just happened that there were no pedestrians in the area [Appellant] drove through at the time she drove through it. Further, by [Appellant's] own admission to [Officer] Baumgardner, she saw the barricades and [caution] tape and chose to ignore them.

Trial Ct. Op., 12/1/22, at 5-6.

Following our review of the record, and in viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence supporting Appellant's conviction for reckless driving. *See Martin*, 297 A.3d at 434. The trial court credited Officer Baumgardner's testimony that Appellant drove through a police barricade marked with caution tape at a high rate of speed in a parking lot where people were present. *See* Trial Ct. Op. at 6. Under these circumstances, we conclude that Appellant's behavior demonstrates her willful and wanton disregard for safety of **persons or property** as contemplated by Section 3736 of Motor Vehicle Code. *See* 75 Pa.C.S. § 3736(a); *see also Greenberg*, 885 A.2d at 1027-28. Accordingly, Appellant is not entitled to relief.

## Motion for Continuance

In her next issue, Appellant contends that the trial court erred when it denied her motion for a continuance. Appellant's Brief at 9. Specifically, Appellant contends that she was entitled to a continuance in order to: (1) seek the assistance of counsel; (2) receive requested documents and information from the Commonwealth; and (3) have more time to prepare for her summary appeal hearing. *Id.*

In reviewing Appellant's claim, we note that

[a]ppellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly

unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

***Commonwealth v. Norton***, 144 A.3d 139, 143 (Pa. Super. 2016) (citation omitted).

First, to the extent Appellant claims that she needed more time to obtain counsel, this Court has held that a "bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion." ***Commonwealth v. Ross***, 57 A.3d 85, 91 (Pa. Super. 2012) (*en banc*) (citation omitted). Instead, an appellant "must be able to show specifically in what manner [s]he was unable to prepare [her] defense or how [s]he would have prepared differently had [s]he been given more time." ***Id.*** (citation omitted). Put another way, it is an appellant's burden to establish that he or she was prejudiced as a result of the trial court's denial of a motion for continuance. ***Id.***

Here, the trial court addressed Appellant's claim as follows:

There are several key characteristics of a summary conviction appeal. First, [Appellant] herself initiated the process which triggered a hearing to be scheduled. Second, [Appellant] had already experienced one trial in this matter at the Magisterial District Judge level. Third, Pa.R.Crim.P. 462 governs the appeal process unlike the process for court cases.

Here, [Appellant] requested a continuance stating [three] reasons: 1) the appeal hearing was scheduled less than 30 days after the appeal was filed; 2) she needed additional time to consult with an attorney; and 3) she had not received responses to her discovery requests. Her first reason was factually false. The

summary conviction appeal hearing was scheduled for 41 days[3] after she filed her summary conviction appeal.

[Appellant's] second reason has no merit. [Appellant] filed the summary conviction appeal for the purpose of having a second hearing on the summary charge filed against her. She promptly received a hearing notice giving her more than 30 days to consult with an attorney. [Appellant] is not entitled to an appointed attorney for a charge of reckless driving, as the punishment is the imposition of a fine and costs only and no incarceration. [*See* Pa.R.Crim.P. 122(A)(1).] Thus, there was no need to continue the hearing which had been scheduled for more than one month as of the time of [Appellant's] request.

Third and finally, [Appellant] justified her request for a continuance because, according to her, she had served discovery requests upon the Commonwealth. In her Concise Statement, [Appellant] claims she "had the right to motion the court for an order to compel" the Commonwealth to respond to her discovery requests. Again, [Appellant] is incorrect. Nothing in the rules governing summary conviction appeals provides a right to discovery. Further, "[s]ince summary cases are not 'court cases,' pretrial discovery does not apply to [a]ppellants unless *Brady*[4] or its progeny require otherwise." ***Commonwealth v. Lutes***, 793 A.2d 949, 960 (Pa. Super. 2002)[; *see also* Pa.R.Crim.P. 103, 573]. According to [Appellant], she requested discovery in order to obtain the name of a second police officer on the scene so she could subpoena him for the summary conviction appeal hearing. Such information is not exculpatory in nature, and therefore, not subject to *Brady*.

Trial Ct. Op. at 3-4 (some citations omitted).

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's motion for a continuance. ***See Norton***, 144 A.3d at 143. As noted by the trial court, Appellant failed to demonstrate

---

[3] Appellant filed her appeal on August 26, 2022, and the trial court scheduled the summary appeal hearing for October 6, 2022, for a total of forty-one days.

[4] ***Brady v. Maryland***, 373 U.S. 83 (1963).

that she had a right to counsel for the purposes of the summary appeal hearing or that she was entitled to discovery. **See** Trial Ct. Op. at 3-4. Additionally, Appellant has failed to demonstrate that she suffered prejudice due to the trial court's denial of her motion for a continuance. **See Ross**, 57 A.3d at 91. Therefore, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023